

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
WESTERN DIVISION

**JURY TRIAL DEMANDED**

READE TAYLOR                                                    PLAINTIFF

V.                                        CIVIL ACTION NO. *5:15cv112 DCB-MTP*

EXECUTIVE AIR CHARTER LLC,
JEREMIAH ("JOSH") REED, AND
JANE AND JOHN DOE, ABC LIMITED
LIABILITY COMPANIES, PARTNERSHIPS,
LIMITED PARTNERSHIPS, AND/OR XYZ
CORPORATIONS                                                   DEFENDANTS

**COMPLAINT**

1.

**INTRODUCTION**

The Plaintiff, Reade Taylor, makes this his Complaint for violations of the Securities

Exchange Act of 1934 (the "Exchange Act"), 15 U.S.C. § 78aa, *et seq.*, and Rule 10b-5, 17

C.F.R. § 240.10b-5 promulgated thereunder, along with claims for violation of Mississippi's

securities law promulgated at Mississippi Code Annotated §75-71-101, *et seq.*, breach of

contract, negligent misrepresentation, common law fraud, conversion, violation of the Revised

Mississippi Limited Liability Company Act, § 79-29-101, *et seq.,* Mississippi Code Annotated,

and breach of fiduciary duty under Mississippi law.

**2.**

## JURISDICTION

This Court has jurisdiction over this action pursuant to diversity pursuant to 28 U.S.C. Section 1332, the amount in controversy exceeding $75,000.00 exclusive of interests and costs, Section 27 of the Securities Exchange Act of 1934, 15 U.S.C. § 78aa; 28 U.S.C. § 1331; and supplemental jurisdiction under 28 U.S.C. § 1367(a).

**3.**

## VENUE

Venue is proper in this Court pursuant to 28 U.S.C. § 1391 inasmuch as a substantial part of the events, artifices, and omissions that give rise to the claims set out herein occurred in the Southern District of Mississippi.

**4.**

## PARTIES

Plaintiff Reade Taylor is currently an adult resident citizen of Oviedo, Seminole County, Florida.

**5.**

The Defendant Jeremiah "Josh" Reed is an adult resident citizen of Brookhaven, Lincoln County, Mississippi.

**6.**

The Defendant Jeremiah "Josh" Reed, individually, may be served with process of this Court at 70 Red Autumn Lane, P. O. Box 465, Brookhaven, Mississippi 39601.

**7.**

Defendant Executive Air Charter LLC is a Mississippi limited liability company.which may be served with process of this Court by and through Jeremiah "Josh" Reed, its registered agent for service of process, at 70 Red Autumn Lane, P. O. Box 465, Brookhaven, Mississippi 39601.

**8.**

Jane and John Doe, ABC limited liability companies, partnerships, limited partnerships, and/or XYZ corporations, are those acting as accomplices and/or co-conspirators with Defendant, Jeremiah "Josh" Reed, and/or Executive Air Charter LLC, such as to render them liable to the Plaintiff as Defendants or Relief Defendants.

**9.**

The Defendants, directly and indirectly, made use of the mails, the internet, and the means and instrumentalities of interstate commerce, in connection with the transactions, acts, practices, abuses, and courses of business alleged in this complaint.

**10.**

**FACTS**

On March 4, 2013, Plaintiff Reade Taylor received an offer of an initial shareholder's 10% interest (to increase to 15%), plus the position of Vice President of Defendant Executive Air Charter LLC, emailed to him by Defendant Josh Reed from Mississippi to the Plaintiff's home in Florida, thereby utilizing an instrumentality in interstate commerce.

**11.**

A true and correct copy of Defendants' offer to Plaintiff Taylor is annexed hereto and incorporated herein as Exhibit "A."

**12.**

In exchange for Plaintiff Taylor's computer expertise, start-up experience, business acumen, and diligent efforts, Defendant Reed offered Plaintiff capital distributions quarterly once the company reached a profit of $100,000.00 US dollars, as set forth in Exhibit "A" hereto.

**13.**

Under the contract/security annexed hereto as Exhibit "A," Plaintiff possessed an employment contract with the Defendants which allowed him to remain employed absent just cause for his separation from work. There has been no cause for separation. Plaintiff would have been employed five (5) years at the time of his separation from the Defendants, absent his unjust dismissal. As such, he is entitled to back pay, consequential damages, and a judgment for no less than 15% of the worth of the security. Plaintiff has been unjustly terminated from his employment without cause.

**14.**

In the said offer, Exhibit "A" hereto, all of Defendant Executive Air Charter LLC's ownership/share sales were to be agreed upon by Defendant Reed and Plaintiff Taylor, who were to act as 50/50 decisionmakers with respect to the said Defendant company or companies.

**15.**

In reliance on the shareholder's percentage as represented by Defendants, the Plaintiff Taylor accepted the offer, Exhibit "A," and moved to Brookhaven, Mississippi, from his home in Florida, brought to the business his computer hardware and its essential software, and created the processes and procedures that became the vital core of what would become the company's successful private jet leasing business.

**16.**

Defendant Josh Reed was and is a licensed pilot, with the knowledge and personal contacts required for Executive Air Charter LLC's and other Defendants' performance.

**17.**

Contrary to his contract/security agreement with the Plaintiff, Defendant Reed ran the business as if it were a one-man show. The Defendants never made Plaintiff Taylor a member of the Executive Air Charter LLC, or any other entity.

**18.**

Defendant Reed maintained sole control of all business decisions, controlled the checkbook, controlled the hiring, controlled the profit distribution, and failed and refused to honor the company's obligations to issue shares to the Plaintiff Reade Taylor.

**19.**

Plaintiff Taylor fully performed his obligations under the investment contract/security.

**20.**

The income of the company more than quadrupled through the customer communications and scheduling that was made possible through the efforts of Plaintiff Reade Taylor.

**21.**

Yearly monetary receipts for the company rose from $200,000.00 to over $3 million, yet the Defendants made no distribution to the Plaintiff Reade Taylor.

**22.**

The Company did reach a profit of $100,000.00 U.S. Dollars, but Defendants did not so inform the Plaintiff or provide him his shareholder's percentage in violation of the security agreement.

**23.**

Instead, Defendant Josh Reed converted the proceeds from the company to his own use, derailing income from its business purposes and using the money generated by the company for such personal pursuits as a family ski vacation in Vail, Colorado, flying his extended family to the ski slopes in the company jet, using company fuel, and paying for his guests' every convenience and whim, even buying ski clothes for the entire family on the company credit card.

**24.**

All Defendant Josh Reed's personal expenses were covered directly out of the company checking account, even to the extent of restaurant meals paid for in Brookhaven for his wife and

family, while no monies were drawn from the profits to Plaintiff Taylor, in direct violation of the terms of the contract and shareholder's agreement between the parties.

## 25.

Thereafter, Defendant Reed, acting for himself and on behalf of all Defendants, closed Plaintiff off from any access to the company's books and records, interfered with Plaintiff's access to necessary business information, refused to convey the ownership of the business to him, and ultimately fired the Plaintiff, all in breach of the contract between the parties and as a direct result of material misrepresentations made by the Defendants with knowledge of their falsehoods.

## 26.

Plaintiff did not and could not learn of Defendants' refusal to deliver ownership of the security to him until he was terminated in late December 2014.

## 27.

The Defendants and/or third parties acting in concert with Defendants, have also illicitly converted to their own use the computer and back-up information stored on that computer which was equipment Plaintiff brought with him to the company, but which also consists of personal, proprietary, and confidential information Plaintiff had created and maintained for interests outside of Plaintiff's work for the Defendants.

**COUNT I.**
**Violation of Section 10(b) of the Securities Exchange Act**
**of 1934 and Rule 10b-5 Against Defendants**

**28.**

Plaintiff incorporates by reference and realleges Paragraphs 1 through 27 above, as if set forth herein.

**29.**

This claim is asserted by Plaintiff against all Defendants and is based upon Section 10(b) of the Securities Exchange Act of 1934, 15 U.S.C.A. 78j(b), and Rule 10b-5, promulgated thereunder.

**30.**

In connection with Defendants' issuance of promises to Plaintiff, which were investment contracts and, thus, securities under federal and state securities laws, and during the time described herein, the Defendants, individually and in concert, directly and indirectly, through the instrumentalities of interstate commerce and the mails, knowingly engaged and participated together in a continuous course of business to deceive Plaintiff and to conceal adverse material information from Plaintiff that included the following: Defendants knowingly and recklessly employed devices, schemes, and artifices to defraud and engaged in acts, practices, and a course of business which operated as a fraud and deceit upon Plaintiff, including the active concealment of assets, and their conversion of profits.

**31.**

Defendants made untrue statements of material fact and omitted to state material facts necessary in order to make the statements made, in the light of the circumstances under which they were made, not misleading. Defendant Reed, on behalf of himself and the other Defendants,

made false promises in that he intended to induce the sale of the security to the Plaintiff Taylor without any intention to follow through with those promises.

### 32.

Acting with intent to deceive and with reckless disregard for the truth, Defendants used schemes, artifices, devices, acts, practices, omissions, and misrepresentations described herein to deceive Plaintiff.

### 33.

Plaintiff relied upon the course of business of Defendants described herein in making his decision to purchase the investment contract security offered and sold by Defendants.

### 34.

Had Plaintiff known of the devices and artifices that Defendants employed, the misrepresentations, the materially adverse information that was not disclosed by Defendants, and had Plaintiff not been deceived by these things, Plaintiff would not have purchased the investment contract/security offered and sold by Defendants, and would not have sustained damages resulting from their purchase.

### COUNT II. – FRAUD
### Violations of Section 10(b) of the Exchange Act [15 U.S.C. 77j(b)] and Rule 10b-5 thereunder [17 C.F.R. 240.10b-5]

### 35.

The Plaintiff realleges and incorporates by reference the allegations contained in Paragraphs 1 through 34 above.

**36.**

At various times Defendants, in connection with the purchase and sale of securities described herein, by use of the means or instrumentalities of interstate commerce or by use of the mails, or of any facility of any national securities exchange, directly and indirectly:

(a)     employed devices, schemes, and artifices to defraud;

(b)     made untrue statements of material facts and omitted to state material facts necessary in order to make the statements made, in light of the circumstances under which they were made, not misleading; and

(c)     engaged in acts, practices, and courses of business which would and did operate as a fraud and deceit upon other persons, as more particularly described above.

**37.**

Defendants knowingly, intentionally, and/or recklessly engaged in the aforementioned devices, schemes, and artifices to defraud, made untrue statements of material facts and omitted to state material facts, and engaged in fraudulent acts, practices, and courses of business. In engaging in such conduct, Defendants acted with scienter, that is, with an intent to deceive, manipulate, or defraud, or acted with a severely reckless disregard for the truth.

**38.**

By reason of the foregoing, Defendants directly and indirectly violated, and unless permanently restrained and enjoined will continue to violate, Section 10(b) of the Exchange Act [15 U.S.C. 77j(b)] and Rule 10b-5 [17 C.F.R. 240.10b-5] thereunder.

## COUNT III.
## Violation of Section 29(b) of the Securities Exchange
## Act of 1934 Against Defendants

### 39.

Plaintiff incorporates by reference and realleges paragraphs 1 through 38 above, as if set forth herein.

### 40.

Defendants violated Section 10(b) of the Securities Exchange Act of 1934 and Rule 10b-5 promulgated hereunder.

### 41.

As a result, Plaintiff is entitled to return of his investments, all computer equipment, software, and programs, pursuant to Section 29(b) of the Securities Exchange Act of 1934, 15 U.S.C. 78cc(b).

### 42.

Pursuant to Section 29(b), Plaintiff's total investments must be returned to Plaintiff, along with, most importantly, all interest and profits earned thereon.

### 43.

Pursuant to Section 29(b), Plaintiff is entitled to relief by way of money damages and injunction against Defendants, their agents, associates, and parties with whom they have contracted and conspired.

-11-

## COUNT IV.
## Violation of Mississippi Securities Laws Against Defendants

### 44.

Plaintiff incorporates by reference and realleges paragraphs 1 through 43 above, as if set forth herein.

### 45.

This claim is asserted by Plaintiff against Defendants and is based on Mississippi Code Annotated §75-71-101 et seq.

### 46.

Defendants, individually and in concert, engaged and participated in a continuous course of business and conspiracy to deceive Plaintiff, by offering and selling securities, to-wit: the investment contract and shareholder's interest in the Defendants' enterprise, by means of oral and written communications that knowingly included untrue statements of material facts, and Defendants actively omitted to state material facts necessary in order to make the statements, in the light of the circumstances under which they were made, not misleading, as described herein.

### 47.

Plaintiff relied upon these oral and written representations of the Defendants set forth herein in making his decision to purchase and invest in the shareholder's interest offered and sold by Defendants.

-12-

48.

Plaintiff did not know of such misrepresentations and omissions and had he known he would not have purchased these investment contracts nor invested in his shareholder's interest offered and sold by Defendants, and would not have sustained damages resulting from their purchase.

## COUNT V.
## Negligent Misrepresentation by Defendants

49.

Plaintiff incorporates by reference and realleges paragraphs 1 though 48 above, as if set forth herein.

50.

This claim is asserted by Plaintiff against Defendants and is based on Negligent Misrepresentation by Defendants.

51.

Defendants had a pecuniary interest in offering and selling the investment contracts to Plaintiff. When Defendants sold the investment contract to Plaintiff, privity of contract existed between Defendants and Plaintiff.

52.

Defendants owed a legal duty to Plaintiff to supply correct information, not to make misrepresentations of material facts, and not to omit material facts regarding the investment contract.

-13-

**53.**

Plaintiff justifiably relied upon Defendants' negligent material misrepresentations and omissions of material facts. Defendants' failure to inform Plaintiff of Defendants' misrepresentations of material facts and omissions of material facts in connection with Plaintiff's purchase of the investment contract/security caused injury to Plaintiff. Plaintiff's reliance upon Defendants' acts in their repeated misrepresentations and omissions in regard to the investment contract/security lulled Plaintiff into inaction and caused injury to Plaintiff.

**54.**

Defendants' actions described herein caused damage to the Plaintiff from the loss of the purchase price of his investment contract and from the loss of the profits guaranteed by his investment in the shareholder's interest. Further, Plaintiff has suffered mental anguish, loss of reputation, pain, and suffering as a result of the actions of Defendants described herein. Plaintiff is entitled to an award for mental anguish, loss of reputation, pain, and suffering caused by the actions and negligent inactions of Defendants.

## COUNT VI.
### Conversion by Defendants

**55.**

Plaintiff incorporates by reference and realleges paragraphs 1 through 54 above, as if set forth herein.

**56.**

This claim is asserted by Plaintiff against the Defendants and is based on conversion.

**57.**

Plaintiff purchased shares and an investment contract from Defendants. As a result, Plaintiff was owed and due to be paid the amounts agreed to in the investment contracts, and/or entitled to an award of an injunction for disgorgement of unjust enrichment and reimbursements of monies and elements of value converted by Defendants to their own use.

**58.**

Defendants made only negligible payments to Plaintiff on the investment contract and have converted to their own use Plaintiff's computer hardware, computer programs, and personal and proprietary information.

**59.**

Defendants have unlawfully converted to their own use and have unlawfully failed to return to Plaintiff the amount of his interest and profits, guaranteed to Plaintiff by his shareholder's interest and investment contract, along with his computer equipment and information, which must be returned to Plaintiff in full.

## COUNT VII.
### Breach of Contract by Defendants

**60.**

Plaintiff incorporates by reference and realleges paragraphs 1 through 59 above, as if set forth herein.

**61.**

This claim is asserted by Plaintiff against Defendants and is based on Breach of Contract.

-15-

**62.**

Plaintiff purchased an investment contract from Defendants in which Defendants promised that Plaintiff would receive the return described therein.

**63.**

Defendants have made only negligible payments to Plaintiff pursuant to their contractual obligations, and are in default of their obligations pursuant to the investment contract.

**64.**

Defendants have breached their contract with Plaintiff herein and are liable to Plaintiff for the repayment of the amount of his investment plus prejudgment and post judgment interest and damages incurred by Plaintiff.

## COUNT VIII.
### Fraudulent Misrepresentation by Defendants

**65.**

Plaintiff incorporates by reference and realleges paragraphs 1 through 64 above, as if set forth herein.

**66.**

This claim is asserted by Plaintiff against the Defendants and is based on Fraudulent Misrepresentations.

**67.**

The misrepresentations and omissions of material fact made by Defendants, described herein, constituted misrepresentations of material facts and omissions of material facts.

-16-

Defendants made these material misrepresentations and omissions of material facts with the intent to deceive Plaintiff to induce him to purchase the investment contract offered and shareholder's interest and sold to Plaintiff by Defendants.  Defendants' material misrepresentations and omissions of material facts and artifices to defraud lulled Plaintiff into continuing to believe in the viability and security of his investment contracts and shareholder's interest.

**68.**

Plaintiff justifiably relied upon the material misrepresentations and omissions of material facts and artifices of Defendants and was injured as a result thereof, as described herein. Had Plaintiff not believed and relied upon these fraudulent misrepresentations, omissions of material fact, and artifices, he would not have purchased the investment contract offered and sold to Plaintiff by Defendants. Plaintiff has suffered damages as a result thereof.

## COUNT IX.
### Breach of Fiduciary Duty and Violation of
### Mississippi's Limited Liability Company Act

**69.**

Plaintiff incorporates by reference and realleges paragraphs 1 through 68 above, as if set forth herein.

**70.**

The Revised Mississippi Limited Liability Company Act, effective January 1, 2011, addresses limited liability company officers and their standard of conduct.  See Miss. Code Ann.

§§ 79-29-101 to 79-29-127 (Rev. 2013).  The standard of conduct for an officer includes discharging his duties (1) "[i]n good faith and with fair dealing;" (2) "[w]ith the care an ordinarily prudent person in a like position would exercise under similar circumstances;" and (3) "[i]n a manner the officer reasonably believes to be in the best interests of the limited liability company."  Miss. Code Ann. § 79-29-123(6)(b) (Rev. 2013).  Defendants have breached their duty of care under this Act.

### 71.

The Defendant Josh Reed violated his fiduciary duties to Plaintiff Taylor arising from his position as a member of an LLC and a closely held company, proximately causing grave injury to the Plaintiff such that punitive damages are appropriate.

### COUNT X.
### Breach of Fiduciary Duty and Violation of § 36(b) of the Investment Company Act of 1940, 15 U.S.C. § 80a-36(b)

### 72.

Plaintiff incorporates by reference and realleges paragraphs 1 through 71 above, as if set forth herein.

### 73.

The breach of fiduciary duty by Josh Reed as a director of the Defendant LLC is a violation of § 36(b) of the Investment Company Act of 1940, 15 U.S.C. § 80a-36(b) which is and has been a proximate cause of the damages suffered by Plaintiff Taylor.

74.

**Punitive Damages**

The acts of Defendants were done willfully, maliciously, and in reckless disregard of Plaintiff's rights, justifying an award of punitive damages.

**WHEREFORE,** Plaintiff prays for judgment as follows:

A.      A judgment declaring the conduct of Defendants, jointly and  to be in violation of the law as set forth in Counts I through X of the Complaint;

B.      A judgment awarding Plaintiff compensation for the damages which he has sustained as a result of the Defendants' unlawful conduct as set forth herein, including an injunction, grant of specific performance of the terms of the contract, and damages awarded based on past and future profits of the Defendants;

C.      A judgment in favor of the Plaintiff and against the Defendants for the full amount owed to Plaintiff, including back pay, consequential damages and a judgment no less than 15% of the worth of the enterprise;

D.      A judgment in favor of the Plaintiff for the damage to his reputation,  mental anguish, pain, and suffering caused by the actions of the Defendants;

E.      Punitive damages in an amount to be set by a jury;

F.      A judgment ordering the return to Plaintiff of his computer and software he brought to the Defendants' enterprise;

G.      A judgment in favor of Plaintiff awarding him reasonable attorneys' fees for the investigation, institution and prosecution of this matter;

-19-

H.      Pre-judgment and post-judgment interest be awarded to Plaintiff on the amounts due to Plaintiff on his investment contract;

I.      A judgment in favor of Plaintiff for legal interest from date of judicial demand until paid;

J.      A judgment in favor of Plaintiff for all costs of these proceedings, including the costs of service of process, depositions, expert witness fees, and all other costs permitted by law;

K.      A declaratory judgment finding that the Defendants named herein committed the violations alleged herein, and that Relief Defendant(s), if any, was (were) unjustly enriched;

L.      Permanent injunctions enjoining the Defendants, their officers, agents, servants, employees, and attorneys, and those persons in active concert or participation with them who receive actual notice of the order of injunction, by personal service or otherwise, and each of them, from violating, directly or indirectly, Section 10(b) of the Exchange Act [15 U.S.C. 77j(b)] and Rule 10b-5 [17 C.F.R. 240.10b-5] promulgated thereunder;

M.      An order requiring an accounting of the use of proceeds of the sales of the securities described in this Complaint and the disgorgement by Defendants (including any entities found to serve as Relief Defendants) of all ill-gotten gains or unjust enrichment with prejudgment interest, to effect the remedial purposes of the federal securities laws.

N.      An order pursuant to Section 21(d)(3) of the Exchange Act [15 U.S.C. 78u] and Mississippi Code Section 75-71-501 *et seq.* imposing civil penalties upon the Defendants;

O.     An order permanently enjoining Defendant Jeremiah "Josh" Reed from acting as a director or officer of any issuer having a class of securities registered with the Securities and Exchange Commission pursuant to Section 12 of the Exchange Act [15 U.S.C. 78] or required to file reports pursuant to Section 15(d) of the Exchange Act [15 U.S.C. 78o(d)];

P.     Damages to the Plaintiff for Defendants' breach of fiduciary duties, the Revised Mississippi Limited Liability Company Act, and the Investment Company Act of 1940, 15 U.S.C. § 80a-36(b);

Q.     An injunction from this Court ordering the return to Plaintiff from Defendants and any third parties of any computer hard ware or soft ware, including but not limited to, hard drives, back-up information, computer data, and any personal, propriety, and/or confidential information Plaintiff had created and maintained for interests outside his work for the Defendants.

R.     Plaintiff's back pay, with all fringe benefits, front pay, damages for mental anguish, loss of reputation, and emotional distress, along with punitive damages all in an amount set by a jury.

S.     Such other and further relief as this Court may deem appropriate, equitable, and just.

Respectfully submitted, this the 13th day of November, 2015.

_____
Dennis L. Horn, Attorney for Plaintiff,
Reade Taylor

-21-

Dennis L. Horn (MSB #2645)
Shirley Payne (MSB #4071)
HORN & PAYNE, PLLC
P. O. Box 2754
Madison, MS 39130-2754
Telephone: (601) 853-6090
Facsimile: (601) 853-2878
hornpayne@gmail.com